**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAYE IRENE GUENTHER, | No. 25-3650 |
| Plaintiff - Appellee, | D.C. No. 2:22-cv-00272-TOR |
| and | |
| UNITED FOOD AND COMMERCIAL WORKERS UNION - LOCAL 3000, UNITED FOOD AND COMMERCIAL WORKERS UNION - LOCAL 1439, UNITED FOOD AND COMMERCIAL WORKERS UNION - LOCAL 21, | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| JOSEPH H. EMMONS; OSPREY FIELD SERVICES, LLC, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted June 11, 2026
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: M. SMITH and TUNG, Circuit Judges, and HINDERAKER, District Judge.[**]

Defendants-Appellants Joseph H. Emmons and Osprey Field Services, LLC appeal the district court's denial of mandatory attorneys' fees under RCW 4.84.250, which awards attorneys' fees to the "prevailing party" in actions where the "amount pleaded" is under $10,000. Where, as here, a plaintiff recovers nothing, a defendant is the prevailing party under RCW 4.84.250. RCW 4.84.270. The district court found that because it exercised diversity jurisdiction over the matter, the amount in controversy was necessarily over $75,000 and thus RCW 4.84.250 did not apply.

This Court has jurisdiction over a district court's final judgment under 28 U.S.C. § 1291. We review legal questions, including questions of statutory interpretation, de novo. *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014). We reverse and remand.

Courts determine the amount in controversy for diversity jurisdiction purposes at the time of removal, but subsequent partial dismissals may validly decrease the amount in controversy below the jurisdictional threshold without divesting the district court of jurisdiction. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Accordingly, a district court exercising diversity jurisdiction

---

[**] The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

may award fees under RCW 4.84.250 if the "amount pleaded" falls below $10,000. Here, plaintiffs initially sought over $250,000, meaning the amount in controversy was met upon removal. But, after the court dismissed the union plaintiffs, the remaining Plaintiff-Appellee stated in a settlement-offer letter that her individual damages were $10,000 or less, bringing the suit within the purview of RCW 4.84.250.

Plaintiff argues that reducing the "amount pleaded" under RCW 4.84.250 requires a plaintiff comply with the requirements for amending a complaint contained in Federal Rule of Civil Procedure 15. But the meaning of "amount pleaded" under RCW 4.84.250 is governed by Washington law. *See Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1114 n.7 (9th Cir. 2003) (applying state law to interpret state statute); *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 915 (9th Cir. 1985) ("In determining the scope of [state law], we are bound by the [State's] interpretation of the section."). Under Washington law, the "amount pleaded" simply refers to notice to the opposing party that the moving party seeks under $10,000. *See Beckmann v. Spokane Transit Auth.*, 733 P.2d 960, 961–62 (Wash. 1987) (en banc) (finding RCW 4.84.250 "require[s] some type of notice so that parties would realize the amount of the claim is small," but it makes "little sense" to require the complaint to plead RCW 4.84.250 where, in some instances, "the complaint will not state the actual amount of damages plaintiff seeks");

*Schmerer v. Darcy*, 910 P.2d 498, 504 (Wash. Ct. App. 1996) ("[F]ailure to plead an exact amount . . . will not prevent the award of attorney fees under RCW 4.84.250 if there was actual notice, prior to trial, that the claim was $10,000 or less."). As the district court stated, said notice "does not need to be given at the original pleading stage and may be provided in an offer to settle or other communication at a time before trial." Nothing in Federal Rule of Civil Procedure 15 is inconsistent with that meaning. Here, shortly after the district court dismissed the union plaintiffs, Plaintiff gave notice to Defendants in a letter that she sought damages under $10,000 and would seek attorneys' fees under RCW 4.84.250 if she prevailed. Thus, applying Washington law, the "amount pleaded" was under $10,000 for purposes of RCW 4.84.250, and the district court erred in finding otherwise.

Defendants also seek attorneys' fees incurred on appeal under RCW 4.84.290. RCW 4.84.290 provides: "if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal." Because this memorandum does not ultimately determine whether Defendants are entitled to attorneys' fees under RCW 4.84.250, the Court cannot yet award attorneys' fees under RCW 4.84.290. If, on remand, the district court finds Defendants are entitled to fees under RCW 4.84.250, it should also award Defendants "such additional amount as the

court shall adjudge reasonable as attorneys' fees for th[is] appeal." *See* RCW 4.84.290.[1]

**REVERSED and REMANDED.**

---

[1] Plaintiff raises additional arguments in her briefing, namely whether RCW 4.84.250 applies under the *Erie* doctrine in light of 28 U.S.C. § 1920 and Rule 54(d), and whether RCW 4.84.280 precludes Defendants from recovering attorneys' fees under RCW 4.84.250. Because the district court did not reach these arguments, the Court, in its discretion, declines to address them. *See Golden Nugget, Inc. v. Am. Stock Exch., Inc.*, 828 F.2d 586, 590 (9th Cir. 1987) (per curiam) (providing that whether an appellate court should consider matters undecided by the district court is a "prudential matter" depending upon "the adequacy of the record and whether the issues are purely legal, putting us in essentially as advantageous a posture to decide the case as would be the district court").

Defendants also appeal the district court's award of $18,147.39 in taxable costs. If, on remand, the district court determines Defendants are entitled to attorneys' fees under RCW 4.84.250, the court should revisit its award of taxable costs in light of that determination.

25-3650